-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER MOORE, 97A0309,

      Plaintiff,

   -v-

OFFICER J. CASSELBERRY,
OFFICER M. VANDERGRIFT,
NURSE KAREN DYAL, SERGEANT PORTER,
OFFICER MARSHAL, OFFICER SCOTT
and OFFICER WORLE,

      Defendants.

05-CV-6063P

MEMORANDUM and ORDER

---

Plaintiff, who is incarcerated in the Southport Correctional Facility Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Plaintiff has also moved for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65.

> A temporary restraining order may be granted without written
> or oral notice to the adverse party ... only if (1) it clearly
> appears from specific facts shown by affidavit or by the verified

> complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party ... can be heard in opposition, and (2) the applicant's attorney certified to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed R. Civ. P. 65(b). Plaintiff's papers do not comply with either prong of the rule. Plaintiff does not describe any effort to notify opposing parties of his motion for injunctive relief, and his papers neither (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in the plaintiff's favor. *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991).

However, in view of the serious nature of plaintiff's allegations, the Court will afford plaintiff an opportunity to move for a preliminary injunction after the complaint has been served. Defendants are specifically directly to address plaintiff's motion for injunctive relief in their answer.

The Clerk of the Court is directed to ensure that all necessary paperwork is submitted to the U.S. Marshal without delay, and the U.S. Marshal is directed to serve the papers on defendants without delay.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

DATED:   Buffalo, New York
         June 13, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE